CORTIÑAS, J.
Kimani Sampson (“defendant”) appeals from his conviction and sentence for burglary of an occupied dwelling. We affirm.
Defendant was arrested for the burglary of his former wife’s residence. The evidence revealed that the former wife and her new boyfriend were awoken during the *210 night by loud banging on the back door of their home. When the boyfriend went to investigate, he saw the defendant. Shortly thereafter, the boyfriend, the former wife, and her son left the home. As they left, the boyfriend saw the defendant enter the home. During the subsequent investigation, the detectives observed blood on the back door. The detectives later spoke with the defendant who told them that on the night in question he was at a church event. However, other than saying it was somewhere in Richmond Heights, the defendant could not identify the church. The detectives also noticed that the defendant had abrasions on his knuckles and index finger. The State charged the defendant with burglary of an occupied dwelling and criminal mischief.
Prior to trial, at defense counsel’s request, the trial court ordered that the defendant be evaluated to determine if he was competent to proceed to trial. The trial court appointed two experts, but the defendant refused to speak to them. Nevertheless, the trial court held a competency hearing at which the trial court questioned the defendant regarding his understanding of the charges against him and what would occur at the trial. Satisfied with the defendant’s answers, the trial court found the defendant to be competent.
The case proceeded to trial before a successor judge. Throughout the proceedings, the defendant was disruptive. The defendant continually commented on the witnesses’ lack of veracity, accused the judge and defense counsel of suppressing the truth and being biased against him, and refused to wear a suit, instead of his prison clothes, to trial. Outside the presence of the jury, the trial court admonished the defendant several times, and, at one point, held him in contempt.
Against his counsel’s advice, the defendant decided to testify. He testified that his former wife had fraudulently married him for immigration purposes, and made several false reports against him. During her testimony, the former wife had denied filing any complaints against the defendant. Outside of the jury’s presence, the defendant argued that the former wife was being allowed to testify falsely because she had instigated domestic violence proceedings against him. Pursuant to a pre-trial motion in limine, the parties were precluded from presenting evidence of the domestic violence proceedings which took place after the incident giving rise to the criminal case. However, at the defendant’s insistence, the trial court interrogated the former wife regarding the domestic violence injunction. Ultimately, the jury returned a verdict of guilty to the burglary charge, and this appeal followed.
On appeal, the defendant raises three trial court errors. First, the defendant contends that the trial court erred in not re-evaluating the defendant’s competency during the trial. Next, the defendant argues that the trial court erred in admitting evidence regarding the domestic violence proceedings which had been precluded pre-trial. Finally, the defendant asserts that the trial court erred and became an advocate when the trial court directly questioned the former wife about the domestic violence proceedings. We find no merit in defendant’s arguments.
Turning first to the issue of the defendant’s competency, Florida Rule of Criminal Procedure 3.210 provides that criminal proceedings should not be held against a person who is mentally incompetent. “A defendant is incompetent to proceed ... if the defendant does not have sufficient present ability to consult with her or his lawyer with a reasonable degree of rational understanding or if the defendant has *211 no rational, as well as factual, understanding of the proceedings against her or him.” § 916.12(1), Fla. Stat. (2010). Rule 3.210 also states that, where there are reasonable grounds to believe that the defendant is not competent, the trial court may order the defendant to be examined by up to three experts prior to a competency hearing. Nevertheless, “[t]he reports of experts are ‘merely advisory to the Court, which itself retains the responsibility of the decision.’ ” Muhammad v. State, 494 So.2d 969, 973 (Fla.1986) (citing Brown v. State, 245 So.2d 68, 70 (Fla.1971)).
Here, the trial court followed the procedures set forth in Rule 3.210 and ordered that two experts examine the defendant. However, the defendant refused to cooperate with the experts. In Muhammad, the Florida Supreme Court stated: “If the court has followed the procedures of the rules and the defendant’s own intransigence deprives the court of expert testimony, the court must still proceed to determine competency in the absence of such evidence.” Id. There, the Florida Supreme Court upheld the trial court’s determination of competency based upon the trial court’s observation of the defendant. Likewise, we approve of the original trial judge’s determination of the defendant’s competency in this case based on her questioning and observation of the defendant. Moreover, although the defendant was disruptive during the trial, nothing in the record suggests that the defendant was incompetent. Therefore, the successor judge was not required to change the initial competency determination. See Kilgore v. State, 688 So.2d 895, 898-99 (Fla.1996).
With regard to the admission of the domestic violence evidence, we find that the defendant either waived the issue by failing to object or invited the error by claiming that the trial court was allowing his former wife to testify falsely. See Lawrence v. State, 614 So.2d 1092, 1094 (Fla.1993) (stating that contemporaneous objection rule applies to evidence about other crimes even where there is a pretrial motion in limine); Ashley v. State, 642 So.2d 837 (Fla. 3d DCA 1994) (“[A] party may not make or invite error at trial and then take advantage of the error on appeal.”).
Finally, the trial court did not abuse its discretion in briefly questioning the former wife concerning the domestic violence injunction. Again, the questioning was at the defendant’s insistence that the trial court was suppressing the truth and allowing the witness to testify falsely. Thus, the error, if any, was invited. See Ashley, 642 So.2d at 837. Further, the trial court did not go beyond questions to clarify the former wife’s prior testimony. See R.O. v. State, 46 So.3d 124 (Fla. 3d DCA 2010).
Accordingly, we affirm the judgment and sentence entered below.
Affirmed.