KHOUZAM, Judge.
Jon Vollmer appeals a final judgment adjudicating him guilty of criminal contempt and sentencing him to six months in jail: Vollmer argues that the trial court reversibly erred by (1) failing to adequately inquire into his request to represent himself prior to the contempt hearing and (2) failing to renew the offer of counsel prior to sentencing. We hold that the trial court’s inquiry at the contempt hearing was sufficient and therefore affirm the adjudication of guilt. But because Vollmer was entitled to a renewal of the offer of counsel at sentencing, we reverse and remand for resentencing.
On August 17, 2011, the trial court held a contempt hearing upon allegations that Vollmer had avoided his financial obligations pursuant to a dissolution of marriage. As the hearing began, Vollmer unambiguously asked to discharge his public defender and represent himself. The court inquired into Vollmer’s request and warned him of the dangers of self-representation. The court also instructed Vollmer to read and understand a waiver of counsel form before making his decision. After Vollmer complied with the instruction and signed the form, the trial court granted his request. After representing himself during the criminal contempt hearing, Vollmer was found guilty. Vollmer again represented himself at his subsequent sentencing hearing, but at no time during that proceeding did the court renew the offer of counsel.
A criminal defendant has the right to self-representation so long as the right to assistance of counsel is knowingly and intelligently waived. Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Florida Rule of Criminal Procedure 3.111(d)(2) provides that a defendant cannot waive the assistance of appointed counsel until a “thorough inquiry” has been made into “the accused’s capacity to make a knowing and intelligent waiver.” Further, “the court shall advise the defendant of the disadvantages and dangers of self-representation” prior to ruling on the defendant’s request to proceed pro se. Id. “Regardless of the defendant’s legal skills or the complexity of the case, the court shall not deny a defendant’s unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel.... ” Fla. R.Crim. P. 3.111(d)(3).
The defendant “does not need to possess the technical legal knowledge of an *385 attorney before being permitted to proceed pro se.” Hill v. State, 688 So.2d 901, 905 (Fla.1996). Instead, “ ‘the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself.’ ” Id. (quoting Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993)). A trial court’s ruling on a request to self-represent is reviewed for an abuse of discretion. Neal v. State, 60 So.3d 1132, 1134-35 (Fla. 4th DCA 2011).
Here, Vollmer specified that his unambiguous request to proceed pro se was based not on any problems with his appointed counsel, but rather because it would “be clearer to the court and move [the proceedings] ahead at a faster pace.” The court asked about his legal background, which Vollmer described as including “one year of evening law school” as well as representing himself “a couple of times” in family law matters.
The court then asked Vollmer about his knowledge of the rules of evidence and the rights an accused individual enjoys. Although Vollmer acknowledged that he knew only “a very little” about them, his counsel explained that the two had discussed the difficulty Vollmer would likely have with the rules and that Vollmer persisted in wanting to represent himself. Vollmer orally agreed with his attorney. The court then shared the “old saying that a person who represents him or herself has a fool for a client,” and made sure Vollmer understood he faced a maximum penalty of six months in jail as the result of the trial. Vollmer insisted he still wanted to represent himself and thereafter signed a waiver of counsel form.
On these facts, we conclude that the trial court did not abuse its discretion in determining that Vollmer was competent to waive his right to representation and proceed pro se. The trial court’s inquiry at the beginning of the contempt hearing complied with both Faretta and rule 3.111(d).[1] Accordingly, we affirm the adjudication of guilt.
But Vollmer additionally argues, and the State properly concedes, that he is entitled to resentencing because the offer of counsel was not renewed at that critical stage of the proceedings. See, e.g., Hays v. State, 63 So.3d 887, 888 (Fla. 5th DCA 2011); see also Fla. R.Crim. P. 3.111(d)(5). Consequently, we vacate Vollmer’s sentence and remand the matter for resen-tencing consistent with this opinion.
Reversed and remanded.
ALTENBERND and BLACK, JJ., Concur.

. Although the waiver of counsel form utilized by the trial court does not address a number of the concerns a trial court is required to resolve in a Faretta inquiry, the oral inquiry conducted here was sufficient by itself to waive Vollmer’s right to counsel at the hearing.