*619
ON MOTION FOR CLARIFICATION

SUAREZ, J.
Upon consideration of the State’s motion for rehearing or clarification, we withdraw the opinion of February 20, 2013, grant the motion to clarify, and substitute the following in its place. The motion is considered as directed to the clarified opinion and is otherwise denied.
The defendant, Arturo Rodriguez, appeals his conviction and sentence for second-degree murder with a deadly weapon and for aggravated assault with a deadly weapon. We reverse, as the trial court failed to conduct a competency hearing pursuant to Florida Rule of Criminal Procedure 8.210.
The standard of review for a trial court’s determination of whether a defendant is competent to stand trial is abuse of discretion. See Boyd v. State, 910 So.2d 167 (Fla.2005); Carter v. State, 576 So.2d 1291, 1292 (Fla.1989). To determine if a defendant is competent to stand trial, the trial court must decide whether the defendant “has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... as well as [a] factual understanding of the proceedings against him.” Hardy v. State, 716 So.2d 761, 763 (Fla.1998) (quoting Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)); Muhammad v. State, 494 So.2d 969 (Fla.1986); § 916.12(1), Fla. Stat. (2012).
In 2000, Rodriguez was charged with one count of second-degree murder with a deadly weapon and one count of aggravated assault with a deadly weapon. He was diagnosed as a paranoid schizophrenic and was evaluated psychiatrically at least seven times in the following years; some psychiatrists found him competent to stand trial, while others did not. The first trial, in May 2006, was reversed and remanded as the trial court failed to conduct a proper Faretta[1] inquiry after Rodriguez made an unequivocal request to represent himself. See Rodriguez v. State, 982 So.2d 1272 (Fla. 3d DCA 2008). He then was scheduled to be evaluated in August 2009, when he refused to be evaluated, and in January 2010, eleven months before the trial verdict now appealed.
The record before the trial judge reflected that there were no recent reports evaluating Rodriguez’s competency to stand trial, the last having occurred eleven months earlier. Additionally, the doctor from the last evaluation stated he could not render a competency conclusion. The defendant’s court-appointed standby counsel raised concerns about the defendant’s competency to stand trial. The evaluation reports of record, as well as the defendant’s behavior in front of the court both before and after trial, and the fact that there was no recent competency evaluation in the record, were facts sufficient to create reasonable grounds to question whether the defendant was competent to stand trial. See Muhammad, 494 So.2d at 973; Sampson v. State, 88 So.3d 209 (Fla. 3d DCA 2011); see also § 916.12(1), Fla. Stat. (2012); Fla. R. Crim. P. 3.210.
The issue raised in this appeal is not whether Rodriguez was competent to stand trial. That is for the trial court to determine upon remand. The question before us is whether the trial court, at the time of trial, had information that created reasonable grounds to believe Rodriguez might be incompetent. The record shows there was such evidence. The past .competency reports, lack of any recent evaluation and report, the defendant’s own conduct, and counsel’s expressed concerns corn- *620 bined to create reasonable grounds to require the trial court to conduct a competency hearing after ordering and receiving a new competency evaluation. See Brockman v. State, 852 So.2d 330 (Fla. 2d DCA 2003); see also § 916.12(1), Fla. Stat. (2012); Fla. R. Crim. P. 3.210(b).
We therefore conclude that the trial court abused its discretion by failing to order a competency hearing pursuant to Florida Rule of Criminal Procedure 3.210(b), where there were reasonable grounds to believe the defendant was not mentally competent to proceed at the time of trial.
Reversed and remanded.[2]

. Faretta v, California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. If, after a new competency hearing upon remand, the defendant is found competent to stand trial and again requests to represent himself, the trial court shall conduct a Faretta hearing applying the standards of Florida Rule of Criminal Procedure 3.111(3). See Vollmer v. State, 101 So.3d 383 (Fla. 2d DCA 2012).