COBB, Judge.
The issue on this appeal is whether or not the defendant below, Michael Bush, was improperly denied the right to represent himself in his sexual battery trial after specifically asking to do so. Pursuant to the provisions of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), we find that he was.
Three days prior to trial, Bush’s appointed counsel filed a motion for a “Nelson” hearing[1] because Bush wanted to discharge his appointed counsel and represent himself. A hearing was held on the day of trial, at which time the trial court found that appointed counsel (Anderson) was providing effective, competent representation and that, even though Bush wanted to represent himself that he would not be able to “effectively” represent himself.
The case then proceeded to the selection of a jury panel. When that was completed and prior to the commencement of testimony, the prosecutor, apprehensive that reversible error was incipient, urged the court to revisit this issue of Bush’s request for self-representation. The following colloquy took place:
... I want to urge and implore the court to reconsider its ruling with regard to the defendant representing himself. Your Honor, with the utmost respect, I am very convinced that we’re heading down a path to a reversal if he’s convicted. I looked up and read Faretta so many times, I figured maybe I better copy Faretta and look at it. I’ve read it and Faretta involves a California defendant upon whom was forced a public defender and that was reversed, and I’m just very concerned that by forcing counsel on this defendant who has asserted his right to represent himself, that we’re just headed down that path. And I guess I don’t think we should do this trial all over again. If he is convicted and it gets reversed, it’s going to be a waste of resources for everybody. But, more importantly, the child is going to have to come in and testify again. I just urge the court to consider that and there are certain passages of Faretta that are somewhat, I think enlightening.
THE COURT: Let’s find out if this is still an issue, alright?
MR. STONE: Yes, sir.
THE COURT: Mr. Bush, you’ve had a couple of days while the jury was selected until today. I explained to you very carefully the other day the pitfalls of problems that you have representing yourself. Now, you sat through the jury selection with Mr. Anderson, we got a jury selected, is it still your opinion that you want to try to defend yourself in this case or do you want to have the assistance of a lawyer that knows how to handle himself in a courtroom? MR. BUSH: I got no choice.
THE COURT: I don’t know if that’s true. Mr. Stone is trying to convince me to take your lawyer away from you. That’s what he’s trying to convince me to do. He’s doing it because he thinks that will help his case with the appellate court. I don’t know about that. You now have a lawyer that’s prepared your case for trial, who is *748 ready to assist you and try your ease and who would consult with you during your trial and will help you. Considering the complexities of this case and the seriousness of it, now do you want me to reconsider making you try this ease by yourself? I do not hear what you’re saying.
MR. BUSH: No.
THE COURT: Alright. I want to make sure it’s clear on the record. Do you want Mr. Anderson to help you?
MR. BUSH: It’s all confusing. I — he won’t do it my way. He wants to make himself look better for something else that’s going on and something — I’m just going to go with the flow. I tried but it didn’t work, so I don’t know.
THE COURT: Do you want to go with Mr. Anderson?
MR. BUSH: Yeah.
THE COURT: All right.
We believe that, despite the prosecutor’s valiant efforts to salvage the case, there was an irretrievable violation of the precepts of Faretta in this case. The “waiver” was extracted after the trial court had made it very clear that Bush’s requests to represent himself would not be honored. As the Florida Supreme Court recently reiterated:
We emphasize that a defendant does not need to possess the technical legal knowledge of an attorney before being permitted to proceed pro se. As the Supreme Court stated in Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 2686-2687, 125 L.Ed.2d 321 (1993), “the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself.”
Hill v. State, 688 So.2d 901 (Fla.1996). See also Williams v. State, 516 So.2d 975 (Fla. 5th DCA 1987), rev. denied, 525 So.2d 881 (Fla.1988).
REVERSED AND REMANDED FOR NEW TRIAL.
THOMPSON and ANTOON, JJ., concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).