PALMER, J.
Tyrone Moore petitions this court for a writ of habeas corpus, alleging .that his appellate counsel was ineffective for failing to challenge on direct appeal the trial court’s denial of his request to proceed to trial pro se. Since Moore’s claim to represent himself was clearly shown in the record on appeal, as was the trial court’s denial of same based upon an evaluation of Moore’s technical legal knowledge rather than a determination of whether he was knowingly waiving his right to counsel, we grant the petition, reverse Moore’s judgments and sentences, and remand for a new trial.
Prior to his trial, Moore asked the trial court how he could obtain another lawyer, stating that his present counsel was not doing his job. The trial court determined that Moore’s complaint did not provide sufficient grounds to discharge counsel and thus informed Moore that he could either represent himself, hire another lawyer to represent him, or allow current counsel to-continue representing him at trial. Moore replied: “I’d like to represent myself then.” At that point, the trial court queried Moore as to how far he had gone in school, and he replied the twelfth grade. The court then asked Moore if he knew how to read and write and Moore answered in the affirmative. In response to the trial court’s further inquiry, Moore admitted he had .never conducted a jury trial or been part of a jury trial before. The trial court then described the benefits of having an attorney and advised Moore that he was not going to .allow him to represent himself because he didn’t “appear sufficiently either intelligent nor sufficiently schooled in the procedures of the courtroom” to effectively represent himself. On this record it is clear that Moore’s appellate counsel was ineffective for failing to challenge this ruling on direct appeal.
Once Moore specifically requested to represent himself the trial court was required to determine whether Moore was capable of making a knowing waiver of his right to counsel. See State v. Bowen, 698 So.2d 248 (Fla.1997)(holding that once the trial court determines that defendant knowingly and intelligently waived his right to counsel, the defendant may proceed unrepresented); see also Hill v. State, 688 So.2d 901 (Fla.1996)(holding that a defendant does not need to possess the technical legal knowledge of a lawyer to proceed pro se). The trial court’s decision to deny Moore’s request because he did not appear to be sufficiently intelligent or schooled in'the'procedures of the courtroom to effectively represent himself was error. Furthermore, had the issue been raised on direct appeal it likely would have lead to the grant of a new trial. See Bush v. State, 690 So.2d 746 (Fla. 5th DCA 1997)(holding that a defendant who specifically asked to represent, himself was im *444 properly denied the right to represent himself).
Accordingly, we grant Moore’s petition for writ of habeas corpus, reverse his judgments and sentences, and remand this matter to the trial court for a new trial. Cf. Johnson v. Wainwright, 498 So.2d 938 (Fla.1986)(holding that a new appeal would be redundant where the court finds reversible error in the course of granting the petition).
Petition GRANTED, judgments and sentences REVERSED, and case REMANDED for a new trial.
PETERSON and SAWAYA, JJ., concur.