MONACO, J.
 

 The appellant, Donald L. Lindsey, asks that we reverse his conviction of robbery with a weapon, as well as the sentence imposed for that offense, because the trial judge erroneously denied his
 
 pro se
 
 motion to dismiss his appointed attorney and to allow him to represent himself. Mr. Lindsey argues that his motion was unequivocal, and that the trial court denied his motion solely because the appellant lacked legal experience. The State argues in opposition that while the trial judge may have incorrectly based his decision on Mr. Lindsey’s lack of capacity to represent himself effectively, rather than on whether he had the capacity to waive counsel, we should nevertheless affirm because the appellant did not unequivocally request to represent himself, and thereafter impliedly waived his right to assert this issue. We reverse.
 

 The issue arose after Mr. Lindsey complained about his court-appointed counsel and asked that he be dismissed. His exact words were: “I wish to represent myself because I think [defense counsel] is — he has discriminated against me.” The court properly held a Nelson
 
 [1]
 
 inquiry and concluded that counsel was not providing ineffective assistance. The court then told Mr. Lindsey that he had a choice either to hire a private attorney or to represent himself. Because Mr. Lindsey insisted that he still wanted to discharge counsel, the court conducted a somewhat abbreviated
 
 Faretta
 
 hearing.
 
 See Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
 

 
 *365
 
 We note that the trial court would not have conducted a
 
 Faretta
 
 hearing unless he viewed the request as unequivocal. The purpose of a
 
 Faretta
 
 hearing is to protect the well-established principle that an accused has the right to represent himself.
 
 Id.
 
 In most cases an accused is better defended with counsel’s guidance; however, if a defendant does not voluntarily accept representation by counsel, counsel may not be forced on him or her.
 
 Id.
 
 at 884, 95 S.Ct. 2525. Furthermore, the trial court should not deny a defendant’s unequivocal request to represent himself regardless of his legal skills or the complexity of the case if the trial court determines on the record that the defendant made a knowing and intelligent waiver of the right to counsel and is not incompetent due to a severe mental illness or other impairments that would prohibit him or her from conducting trial proceedings alone.
 
 See
 
 Fla. R.Crim. P. 3.111(d)(8). Indeed, once the trial court determines that a competent defendant has “knowingly and intelligently” waived the right to counsel, the inquiry is over, and the trial court may not inquire further into whether the defendant “could provide himself with a substantively qualitative defense ... for it is within the defendant’s rights, if he or she so chooses, to sit mute and mount no defense at all.”
 
 State v. Bowen,
 
 698 So.2d 248, 251, 252 (Fla.1997),
 
 cert, denied,
 
 522 U.S. 1081, 118 S.Ct. 865, 139 L.Ed.2d 763 (1998). Nonetheless, while the defendant need not have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he or she must still be made aware of the dangers and disadvantages of self-representation so that the record will establish the defendant made the choice with open eyes.
 
 Faretta,
 
 422 U.S. at 835, 95 S.Ct. 2525;
 
 McGee v. State,
 
 983 So.2d 1212, 1214 (Fla. 5th DCA 2008).
 

 In the present case after the
 
 Nelson
 
 inquiry the trial court attempted in a very meaningful way to inform Mr. Lindsey that it would be a mistake for him to represent himself. After exploring Mr. Lindsey’s courtroom inexperience and his lack of legal sophistication, the trial court then said:
 

 All right. Well, I’m going to deny your motion. I’m not going to let him off the case. I don’t think you’re capable of representing yourself and I’m not going to let you do it on a first degree felony where you could be sent to prison for life.
 

 Accordingly, we conclude that Mr. Lindsey’s request for self-representation was indeed unequivocal.
 

 As noted previously, the State concedes that the trial court applied the wrong standard but argues waiver. Even though a defendant may unequivocally request to represent himself, the right may be waived through the defendant’s subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether.
 
 See Brown v. Wainwright,
 
 665 F.2d 607, 611 (5th Cir. 1982) (finding that right to self-representation was waived where the defendant conceded that at some point after his request to represent himself he asked counsel to continue his representation and counsel’s statement that he and the defendant had worked out their differences). A waiver occurs if it is reasonably shown that the defendant has abandoned an initial request for self-representation.
 
 Kearse v. State,
 
 605 So.2d 534, 537 (Fla. 1st DCA 1992),
 
 review denied,
 
 613 So.2d 5 (Fla.1993). In the present case, however, Mr. Lindsey never agreed to have his appointed counsel continue to represent him, nor was there any indication that Mr. Lindsey and his counsel had resolved their differences.
 
 Cf. Moore v.
 
 
 *366
 

 State,
 
 820 So.2d 442, 443 (Fla. 5th DCA 2002). Moreover, the trial judge never revisited the issue to determine whether Mr. Lindsey continued in his desire to proceed alone. Under the circumstances of this case the passage of a few months and a subsequent trial do not amount to a waiver.
 

 Because Mr. Lindsey made an unequivocal request to represent himself and it appears that his request was not waived simply by the fact that he proceeded to trial with court-appointed counsel, we reverse, and remand for a new trial for the crime of which he was convicted.
 

 REVERSED and REMANDED.
 

 ROBY, W. L., Associate Judge, concurs.
 

 SAWAYA, J., dissenting without opinion.
 

 [1]
 

 .
 
 Nelson v. State, 21A
 
 So.2d 256 (Fla. 4th DCA 1973).