DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CRAVELYN HOOKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1044

[December 10, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 2011CF013078AMB.

Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Angela E. Noble, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

The circuit court denied a defendant's unequivocal request to represent himself because he was not "qualified" to do so by his "training, education, and experience." This ruling violated the defendant's right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975). We reverse the judgment of conviction and remand for a new trial.

Cravelyn Hooker was charged with a form of sexual battery contrary to section 794.011(8)(b), Florida Statutes (2010). After a jury trial, he was convicted of the lesser included offense of lewd or lascivious battery.

Several months before trial began, at a pretrial motion hearing, Hooker told the trial judge, "I'd like to exercise my sixth amendment right to go pro se . . . ." When the court asked Hooker to repeat himself, Hooker said, "I say I like to go ahead and represent myself, just go ahead and take my sixth amendment right and represent myself, go pro se at this time."

The judge questioned Hooker and learned that he had "finished up past twelfth grade" and had attended some college at Florida Memorial where he "studied to be an air conditioner refrigeration repairman." Regarding

his legal experience, Hooker said he had never been through a trial and explained that he was frustrated with counsel over delays; he felt counsel was "holding [him] back." The judge said he did not understand why Hooker would want to go to trial "without a lawyer to help" him. Hooker responded, "No, I rather just go ahead and just go pro se."

The trial judge denied Hooker's request to represent himself, stating:

> Well, I don't think you're qualified to represent yourself by your training, education and experience. I think you need a lawyer. I don't think there's any reason to not have a lawyer. So, I don't think you're capable of doing that. So, I'm going to deny that request.

### The Faretta Legal Framework

Subject to some limitations, an accused has the right to self-representation at trial. *Faretta*, 422 U.S. at 834. "A defendant's choice to invoke this right 'must be honored out of that respect for the individual which is the lifeblood of the law.'" *Tennis v. State,* 997 So. 2d 375, 377-78 (Fla. 2008) (quoting *Faretta,* 422 U.S. at 834)).

It is a defendant's unequivocal request for self-representation that triggers a trial judge's obligation to conduct a *Faretta* inquiry. *See id.* at 378 (pronouncement that defendant wanted to proceed pro se, coupled with two separate pro se motions requesting self-representation "was an unequivocal and clear request for self-representation"); *Herron v. State,* 113 So. 3d 852, 853-54 (Fla. 2d DCA 2012) (holding that defendant's two handwritten motions to dismiss attorney and represent himself was an unequivocal request for self-representation); *Laramee v. State,* 90 So. 3d 341, 344 (Fla. 5th DCA 2012) (holding that defendant's statement, "I'm going pro-se—I'm filing. I refuse to go to court with somebody who ain't seen me at all . . . " was an unequivocal and clear request for self-representation).

The purpose of a *Faretta* hearing is "'to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel.'" *McCray v. State,* 71 So. 3d 848, 864 (Fla. 2011) (quoting *Tennis,* 997 So. 2d at 378); *Edwards v. Arizona,* 451 U.S. 477, 482 (1981). "Whether this standard is met in a given case is a fact-specific determination which must take into account all of the surrounding circumstances, including the background, experience and conduct of the accused." *Morgan v. State,* 991 So. 2d 984, 987 (Fla. 4th DCA 2008) (citing *Edwards,* 451 U.S. at 482).

In conducting such a hearing, "the trial court is obligated to inquire about the defendant's age, education, and legal experience" *id.* at 987, and

must warn the defendants "of the perils and pitfalls of self-representation," *id.* at 988. "*Faretta* instructs that '[a]lthough a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.'" *McKinney v. State,* 850 So. 2d 680, 681 (Fla. 4th DCA 2003) (quoting *Faretta,* 422 U.S. at 835).

The likelihood that a defendant would incompetently represent himself is not a valid reason to deny his unequivocal request for self-representation. *See id.* at 681; *Tarver v. State,* No. 2D12-5345, 2014 WL 4086806, at *1 (Fla. 2d DCA Aug. 20, 2014). "Under *Faretta,* '[t]he test is not whether the defendant is competent to represent himself adequately, but whether he is competent to make the decision to represent himself.'" *Smith v. State,* 956 So. 2d 1288, 1289 (Fla. 4th DCA 2007) (quoting *Wilson v. State,* 724 So. 2d 144, 145 (Fla. 1st DCA 1998)). As Florida Rule of Criminal Procedure 3.111(d)(3) provides:

> Regardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel, and does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself or herself.

Here, Hooker's request to represent himself was unequivocal. In conducting the abbreviated *Faretta* inquiry,[1] the trial court focused on whether Hooker was competent to represent himself rather than on whether his waiver of his right to counsel was knowing and intelligent. The trial court precluded Hooker from representing himself for an invalid reason and never reached the issue that the *Faretta* hearing is supposed to resolve.

We reject the State's contention that Hooker waived the *Faretta* issue by his failure (1) to file *pro se* motions, (2) to request new counsel, and (3) to further indicate that he wanted to represent himself. Also, the State faults Hooker for proceeding to trial with his appointed counsel. After an unequivocal request for self-representation, a defendant's abandonment of

---

[1]We do not reach the issue of whether the *Faretta* inquiry would have been adequate had the trial court allowed the defendant to represent himself.

the request must be demonstrated by record evidence that the defendant is vacillating on the issue or that he has abandoned his request altogether.

This was essentially the holding of *Lindsey v. State*, 69 So. 3d 363 (Fla. 5th DCA 2011). In *Lindsey,* the defendant sought to dismiss his court-appointed counsel, stating that his counsel was discriminating against him. *Id.* at 364. The court held a *Nelson*[2] hearing and determined that counsel was not providing ineffective assistance. *Id.* When the defendant asserted he wanted to proceed pro se, the court conducted an abbreviated *Faretta* hearing. *Id.* On appeal, the court determined that the defendant's request was unequivocal, as demonstrated by the trial court's launch into a *Faretta* hearing. *Id.* at 365. Conceding that the trial court applied the wrong standard, the State nevertheless argued the defendant waived any self-representation argument by proceeding to trial with appointed counsel. *Id.* The fifth district disagreed, holding that "the passage of a few months and a subsequent trial do not amount to a waiver." *Id.* at 366. The court took into account the fact that the defendant "never agreed to have his appointed counsel continue to represent him" and that "the trial judge never revisited the issue to determine whether [the defendant] continued in his desire to proceed alone." *Id.* at 365-66.

The facts in the instant case are similar to those of *Lindsey*. Hooker made an unequivocal request to discharge his counsel and represent himself, which the trial court denied. As in *Lindsey,* waiver is not demonstrated by the fact that Hooker proceeded to trial with appointed counsel; Hooker never expressly agreed that he had withdrawn his request to proceed *pro se* and the trial judge never revisited the self-representation issue with him.

For these reasons we reverse and remand for both a new trial and new *Faretta* hearing.

DAMOORGIAN, C.J., and MAY, J., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

---

[2]*Nelson v. State,* 274 So. 2d 256 (Fla. 4th DCA 1973).