# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2443

_____

RYAN ERICK CHENEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, III, Judge.

February 5, 2018

WETHERELL, J.

Ryan Erick Cheney was convicted of armed robbery and sentenced to life in prison. His sole claim on appeal is that the trial court erred by failing to conduct a complete *Faretta*[1] inquiry after he made an unequivocal request to represent himself. We affirm because the record establishes that Cheney abandoned his request for self-representation.

## I

Cheney was charged with armed robbery of a convenience store. The robbery was captured by the store's security camera

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

and the video showed Cheney pointing a handgun at the store clerk, demanding and receiving money from the register, and discharging the gun into the floor during the robbery. Cheney admitted in a post-*Miranda*[2] interview with police that he committed the robbery, but he claimed that the gun discharged accidentally.

At a pre-trial hearing, Cheney made an unequivocal request to represent himself. He explained that he wanted to represent himself so he could pursue an insanity defense that his court-appointed counsel had refused to raise. Cheney's counsel told the judge that he did not believe there was a good faith basis to raise this defense and that he was concerned that asserting the defense would allow the state to bring in evidence of another robbery committed by Cheney a week or so before the offense in this case. The judge expressed concerns about Cheney's ability to represent himself, but nevertheless dutifully commenced a *Faretta* inquiry.

During the course of the inquiry, the judge decided *sua sponte* to order an evaluation to determine whether Cheney was insane at the time of the offense. The judge recommended that Cheney proceed with counsel pending the evaluation, but he made clear to Cheney that "I can't make you do that" and "[i]f you want to represent yourself, you can." Then, after further explaining the dangers and disadvantages of self-representation, the judge asked Cheney whether he was "willing to allow [his court-appointed counsel] to continue to represent you while you explore [the insanity defense]." Cheney responded, "Yes, Your Honor." The court then directed Cheney's counsel to prepare an order for the evaluation.

The evaluation concluded that, although Cheney's capacity to appreciate the criminal nature of his conduct "was likely greatly impaired," he was not insane at the time of the armed robbery in this case. The case thereafter proceeded to a nonjury trial at which Cheney was represented by his court-appointed counsel. Cheney did not at any point after the evaluation object

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

to counsel's continued representation, nor did he again request to represent himself.

The judge found Cheney guilty as charged. Then, after a sentencing hearing at which Cheney's counsel relied on the insanity evaluation report for mitigation, the judge sentenced Cheney to life in prison with a 20-year mandatory minimum term under the 10-20-life statute.[3]

This appeal followed.

## II

A criminal defendant has a Sixth Amendment right to waive court-appointed counsel and represent himself. *Faretta*, 422 U.S. at 819. Where, as here, the defendant makes an unequivocal request to represent himself, the trial court is required to conduct an inquiry to determine whether the defendant's waiver of the right to court-appointed counsel is knowing and intelligent. *Id.* at 835 (explaining that the defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open'" (quoting *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 279 (1942))); *see also Neal v. State*, 132 So. 3d 949, 950 (Fla. 1st DCA 2014) (explaining that "it is error to deny a defendant's unequivocal request to represent himself, regardless of his legal skills or the complexity of the case, if the trial court determines that the defendant made a knowing and intelligent waiver of the right to counsel and 'does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself'" (quoting Fla. R. Crim. P. 3.111(d)(3))).

Here, the judge commenced the required inquiry to rule on Cheney's request to represent himself. However, the judge did not complete the inquiry or definitively rule on the request because, after the judge *sua sponte* ordered the evaluation that would be needed for Cheney to raise an insanity defense, Cheney unequivocally told the judge that he was willing to allow defense

---

[3] § 775.087(2)(a)2., Fla. Stat. (2016).

counsel to continue to represent him.  By doing so, Cheney abandoned his then-pending request to represent himself.  *See Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982) (*en banc*) ("Even if defendant requests to represent himself, however, the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether."); *Kearse v. State*, 605 So. 2d 534, 537 (Fla. 1st DCA 1992), ("Waiver may appear if it is reasonably shown that the defendant has abandoned an initial request for self-representation.").

Cheney contends that he did not abandon his request to represent himself, and in support of this argument, he relies exclusively on *Kearse* and *Lindsey v. State*, 69 So. 3d 363 (Fla. 5th DCA 2011).  However, that reliance is misplaced because those cases are distinguishable.

In *Kearse*, the state argued that the defendant waived his right to self-representation by requesting continuances to speak with his court-appointed attorney and by proceeding to trial with the attorney.  605 So. 2d at 538.  This Court rejected that argument "because the [trial] court had previously denied [the defendant's] motion for self-representation."  *Id.*; *see also Brown*, 665 F.2d at 612 (explaining that a defendant need not "continually renew his request to represent himself even after it is conclusively denied by the trial court").  Here, by contrast, the trial court did not conclusively deny Cheney's request for self-representation, nor was there any need for the court to rule on the request after Cheney expressly agreed to allow his court-appointed counsel to continue to represent him.  *See Lowe v. State*, 650 So. 2d 969, 975 (Fla. 1994) (rejecting defendant's claim that trial court erred in failing to conduct a *Nelson*[4] inquiry when the defendant told the trial court "[n]ever mind . . . [j]ust forget it" while the court was questioning the defendant about his concerns with his counsel).

In *Lindsey*, the state argued that the defendant waived his request to represent himself when he proceeded to trial with court-appointed counsel after the trial court denied his request to

---

[4] *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973).

discharge counsel. 69 So. 3d 365-66. The Fifth District rejected this argument because the defendant "never agreed to have his appointed counsel continue to represent him, nor was there any indication that [he] and his counsel had resolved their differences." *Id.* at 365. Here, by contrast, Cheney specifically agreed to allow his court-appointed counsel to continue to represent him while exploring the insanity defense that he wanted to pursue, and at no point after the evaluation did Cheney reassert his request to represent himself or object to counsel continuing to represent him.

This case is more like *Brown* in which the *en banc* Fifth Circuit affirmed the denial of federal habeas relief to a defendant who claimed that the state trial court had denied his right to represent himself. 655 F.2d at 609. The defendant in *Brown* made an unequivocal request to represent himself, which was presented to the trial court in a motion for leave to withdraw filed by counsel. *Id.* The trial court deferred ruling on the motion because of concerns about the defendant's ability to conduct his defense. *Id.* Then, after defense counsel informed the trial court that he and the defendant resolved their difficulties and that the defendant changed his mind and wanted counsel to continue to represent him, the court "denied the motion to withdraw or considered it abandoned." *Id.* The federal district court denied the defendant's petition for habeas relief, and on appeal, the Fifth Circuit affirmed because the record established that the defendant waived his previously-asserted right to represent himself when, after counsel informed the trial court that the defendant wanted counsel to continue to represent him, the defendant never informed the court that he still wanted to represent himself. *Id.* at 612 ("More importantly, at no time subsequent to counsel's assertions was the judge informed by defendant that he still desired to represent himself . . . ."). The same is true here because at no point after Cheney agreed to allow his court-appointed counsel to continue to represent him did he inform the trial court that he still wanted to represent himself.

5

## III

In sum, the trial court did not err by failing to conduct a complete *Faretta* inquiry because Cheney abandoned his request to represent himself when he expressly agreed to allow his court-appointed counsel to continue to represent him. Accordingly, we affirm Cheney's judgment and sentence.

AFFIRMED.

ROWE and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.