IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DOMINIC MICHAUD BLAND,

      Appellant,

 v.                                     Case No.  5D17-1626

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 6, 2018

Appeal from the Circuit Court
for Brevard County,
Robin C. Lemonidis, Judge.

James S. Purdy, Public Defender, and
Glendon George Gordon, Jr., and Benjamin
A. Schumann, Assistants Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, C.J.

Dominic Bland appeals the denial of his motion to withdraw plea, arguing that the trial court erred in denying his request to represent himself and requiring him to proceed with court-appointed counsel. We affirm.

The State charged Bland with a series of crimes in two separate cases. In one case, Bland was charged with fleeing or attempting to elude law enforcement with high speed or wanton disregard, resisting an officer with violence, and driving while license canceled, suspended, or revoked. In the other case, Bland was charged with two counts of attempted second-degree murder while inflicting great bodily harm or death, four counts of attempted second-degree murder while discharging a firearm from a vehicle, and discharging a firearm from a vehicle.

As the cases proceeded, Bland requested the trial court to discharge his current counsel and appoint new counsel.[1] The court conducted a Nelson[2] inquiry, after which it denied Bland's request. Bland does not challenge that ruling on appeal. However, immediately after the court denied his request for different counsel, Bland asked to represent himself.

The court proceeded to conduct a Faretta[3] inquiry, explaining the disadvantages of self-representation and detailing the maximum penalties Bland faced on each charge if convicted. Bland indicated that he was twenty-five years old, had completed the tenth grade and passed a high school equivalency test, was able to read, write, and understand English, and had never been treated for mental illness. He also stated that he had no legal training or experience and that he had not represented himself in any past criminal

---

[1] Defense counsel at the time was Bland's third court-appointed attorney.

[2] See Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973) (setting forth procedure for inquiry trial court must make upon defendant's request to discharge court-appointed counsel based on claim of counsel's incompetency).

[3] See Faretta v. California, 422 U.S. 806 (1975) (requiring trial courts to conduct inquiry to ensure defendant knowingly and intelligently waives his or her right to counsel).

proceedings. Bland had no knowledge of the rules of criminal procedure or evidence, which was made clear by a series of questions. Following the inquiry, the court summarized:

> All right. Mr. Bland, I must advise you that in my opinion you would be far better defended by a trained lawyer, than you can be by yourself, and I think it is unwise for you [to] try and represent yourself, because you're not familiar with the law, you're not familiar with the court procedure, you're not familiar with the rules of evidence, and I would strongly urge you not to try and represent yourself. And I can tell you that most of the judges in this County will tell anyone who is asking to represent themselves, especially in a very serious matter, that it almost is—almost always ended very badly for that person that is trying to represent himself.

Acknowledging the difficulties and disadvantages of self-representation, as well as the maximum penalties he faced, Bland maintained his request to represent himself. The court determined that Bland's decision was knowing and voluntary, yet denied the request based on Bland's limited education and unfamiliarity with the rules of evidence and trial procedure.

Within a week of the Nelson and Faretta inquiries, the trial court held a status hearing to readdress Bland's request for self-representation. At the hearing, Bland indicated that he was satisfied with being represented by counsel. Thereafter, Bland did not renew his request to represent himself.

Prior to trial, Bland announced that he wished to accept the State's latest plea offer. Bland agreed to plead no contest to fleeing or attempting to elude law enforcement with high speed or wanton disregard in the first case, and to discharging a firearm from a vehicle in the second case. The State was to enter nolle prosequis on all other charges. The court allowed Bland and his counsel time to fill out and review a plea form and

3

conducted a thorough plea colloquy. Bland stated that he was satisfied with his counsel's representation and was entering the plea freely and voluntarily. The court accepted the plea and sentenced Bland to seven years' incarceration, followed by three years' probation.

Bland subsequently filed a motion to withdraw his plea, alleging that he was compelled to enter the plea because he felt he would suffer "poor and indifferent" representation had he proceeded to trial with his court-appointed counsel. The court denied the motion after a hearing based on Bland's prior assertions that he was satisfied with counsel's representation. This appeal followed.

An accused has a constitutional right to self-representation when the decision is made knowingly and intelligently. See Faretta v. California, 422 U.S. 806, 835 (1975). Here, we have no criticism of the substance of the trial court's Faretta inquiry. The court properly determined Bland's age, education, mental condition, experience with and knowledge of criminal proceedings, and understanding of the disadvantages and dangers of self-representation. See Davis v. State, 10 So. 3d 176, 178 (Fla. 5th DCA 2009). However, the trial court's conclusion following the Faretta inquiry erroneously focused on Bland's ability to competently represent himself at trial instead of his competence to make the decision to represent himself. See Petruschke v. State, 192 So. 3d 550, 553 (Fla. 4th DCA 2016) ("The likelihood that a defendant would incompetently represent himself is not a valid reason to deny an unequivocal and knowing request for self-representation." (citing Hooker v. State, 152 So. 3d 799, 802 (Fla. 4th DCA 2014))). The State properly concedes that the trial court applied the incorrect standard in denying Bland's request for self-representation. Nonetheless, under these circumstances, where Bland indicated he

4

was satisfied proceeding with counsel subsequent to the <u>Faretta</u> inquiry, we find that Bland abandoned his request for self-representation. See <u>Lindsey v. State</u>, 69 So. 3d 363, 365 (Fla. 5th DCA 2011) ("A waiver occurs if it is reasonably shown that the defendant has abandoned an initial request for self-representation." (citing <u>Kearse v. State</u>, 605 So. 2d 534, 537 (Fla. 1st DCA 1992))).

We also find no abuse of discretion in the denial of Bland's motion to withdraw his plea. The trial court rejected Bland's contention that he was compelled to enter the plea because Bland had represented that he was satisfied with counsel in the prior proceedings, including the plea colloquy. The trial court properly denied Bland's motion. See <u>Altersberger v. State</u>, 216 So. 3d 621, 627 (Fla. 2017) ("[O]nce a sentence has been imposed, a defendant must demonstrate manifest injustice or prejudice in order to withdraw a guilty plea.").

AFFIRMED.

PALMER and ORFINGER, JJ., concur.