730 So.2d 825 (1999)
William HUTCHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00158.
District Court of Appeal of Florida, Second District.
April 9, 1999.
James Marion Moorman, Public Defender, and Patricia A. Paterson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Following a jury trial, William Hutchens appeals his conviction for sexual battery on a *826 victim less than twelve years of age. He asserts that the trial court committed two errors: by summarily rejecting his request to exercise his right of self-representation and by admitting collateral crime evidence. We conclude that the trial court properly admitted the collateral crime evidence pursuant to section 90.404(2)(a), Florida Statutes (1995), and affirm as to this issue. However, we find that the trial court's failure to comply with the requirements of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), compels us to reverse.
We first address the Faretta issue. The failure of a trial court to make a proper Faretta inquiry requires reversal. See State v. Young, 626 So.2d 655, 657 (Fla.1993). The record reflects the following exchange:
Mr. Hutchens: Your Honor, what about-can I go pro se?
The Court: You want to represent yourself on this serious charge?
Mr. Hutchens: Yes, ma'am, yes ma'am.
The Court: Well, tell me why. Because you like Mr. Robbins better than you like [present defense counsel]?
Mr. Hutchens: It's just I feel like I am not getting a fair trial with the P.D.'s office.
The Court: Do you think you are going to do better representing yourself?
Mr. Hutchens: Well, I can try.
The Court: Well, I can tell you you're not. And I just had a trial last week with a pro se defendant, and he told me after the jury went out and before the jury came back that he learned one thing: He's never going to trial without a lawyer again.
Mr. Hutchens: Regardless, Judge Behnke, I'm going to get the same thing. Okay?
The Court: I'm not going to allow you to represent yourself at this time. We'll see you on the 2nd.[1] We'll talk about it if you still feel the same way because I'm not going to be bullied into appointing another attorney to represent you. I'll tell you that right now.
Initially, we make two observations. First, the right of self-representation is personal. See State v. Bowen, 698 So.2d 248, 250 (Fla.1997). It is not subject to the discretion of the trial court. Second, the record on appeal does not indicate that Mr. Hutchens' prior conduct constituted an act of bullying the court.
When an accused, as here, seeks to invoke his constitutional right of self-representation, Florida Rule of Criminal Procedure 3.111(d)(2) requires the trial court to apprise the accused of the dangers and disadvantages of self-representation and to make a thorough inquiry into the accused's mental capacity to knowingly and intelligently waive counsel. Here, no such inquiry transpired when Mr. Hutchens invoked this constitutional right. Rather, his right was summarily denied and postponed. Absent the requisite inquiry, we cannot presume that the waiver of this right was knowingly and intelligently made. See Vera v. State, 689 So.2d 389, 391 (Fla. 2d DCA 1997).
The State contends that Mr. Hutchens waived his right because he did not renew his request when trial began as the trial court had allowed him to do. Faretta and our rules of criminal procedure place the duty of inquiry upon the trial court. We refuse to find a waiver under these circumstances when the trial court initially failed in its duty to make a proper inquiry and, instead, sought to place the burden on the accused to renew his request at a later date. If the trial court's docket did not permit a contemporaneous Faretta inquiry, it should have scheduled the inquiry for a date certain before the scheduled trial date. The Faretta duty remains with the trial court to safeguard the accused's constitutional right to self-representation.
The failure to conduct a proper Faretta inquiry is reversible error and the harmless error doctrine is inapplicable. See State v. Young, 626 So.2d at 657; Jones v. State, 650 So.2d 1095 (Fla. 2d DCA 1995); Neeld v. State, 24 Fla. L. Weekly D549, 729 So.2d 961 (Fla. 2d DCA 1999).
We point out once again:
We realize that the procedures mandated by these cases will often involve a tedious *827 and time consuming process designed to test the frustration and patience level of the most able trial judge, especially when the request comes on the day of trial and a jury venire of inconvenienced citizens is impatiently waiting in the courthouse for the jury selection process to begin. We must emphasize, however, the importance of strict adherence to these requirements and the real potential for reversal should they not be followed, thereby resulting in a needless expenditure of judicial resources. While we are appreciative of these burdensome tasks, a defendant's right to self-representation constrains us to impose them.
Jones v. State, 658 So.2d 122, 126 (Fla. 2d DCA 1995).
We next review the admissibility of certain collateral crime evidence. See Williams v. State, 110 So.2d 654 (Fla.1959). At trial the State sought to admit evidence that Mr. Hutchens continued his sexual conduct after the victim's twelfth birthday and DNA evidence indicating that he had fathered the child that she gave birth to when she was thirteen and a half. Mr. Hutchens is the victim's stepfather, and the almost daily sexual batteries allegedly occurred in the family home. The similarities between the crime charged and the similar fact evidence cannot be closer. The only distinguishing features are the fact that the victim's twelfth birthday occurred and that a child was conceived and born of the continuing sexual crime. The collateral evidence is sufficiently similar to meet the standard of Saffor v. State, 660 So.2d 668 (Fla.1995), and warrants admissibility to corroborate the victim's testimony. It is permissible to consider the relationship of the victim and the perpetrator as a point of similarity under a section 90.404 analysis. See Barton v. State, 704 So.2d 569 (Fla. 1st DCA 1997).
Reversed and remanded for a new trial.
ALTENBERND, A.C.J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] This refers to December 2d, the day set for trial.