937 So.2d 1253 (2006)
Michael GOLDSMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2756.
District Court of Appeal of Florida, Second District.
September 29, 2006.
*1254 James Marion Moorman, Public Defender, and Steven L. Bolotin, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Michael Goldsmith appeals the trial court's order denying his Florida Rule of Criminal Procedure 3.170(l) motion to withdraw plea. Goldsmith contends the trial court erred both in denying his motion and in denyingwithout conducting a Faretta[1] inquiryhis request to represent himself. Because we conclude that the trial court erred by denying Goldsmith's request for self-representation without conducting the appropriate inquiry, we need not reach Goldsmith's argument that the trial court wrongfully denied his motion to withdraw plea.

I. Background

Goldsmith was charged with robbery, attempted robbery, possession of cocaine, and resisting an officer without violence. During the time leading up to trial, Goldsmith was found incompetent to proceed. However, at the change of plea hearing, *1255 the trial court determined Goldsmith's competency had been restored and vacated the prior order of incompetency. The trial court then accepted Goldsmith's plea, adjudicated him guilty, and imposed sentence.
Eight days after sentencing, Goldsmith filed a pro se pleading titled "Motion to Withdraw Plea and Notice of Appeal." A few weeks later, Goldsmith filed an amended pro se motion to withdraw his plea in which he asserted that his medication had been changed just two days prior to the change of plea hearing and he had been experiencing side effects from the medication, including nausea and confusion. Goldsmith also alleged that his trial counsel, Brent Armstrong, (1) knew about the side effects but failed to inform the trial court, (2) never informed Goldsmith about the change of plea motion, (3) coerced Goldsmith to go through with the change of plea and threatened him with the possibility of a long prison sentence if he did not change his plea, and (4) failed to file a motion to suppress and a motion to dismiss the charges. Finding the motions to be facially sufficient, the trial court appointed conflict-free counsel, Serbo Simeoni.
At the hearing on the motions to withdraw plea, Simeoni informed the court that Goldsmith wished to speak against Simeoni's advice. When the court asked Goldsmith if he was ready to proceed, Goldsmith stated he was not. Instead, Goldsmith asserted that he needed a handwriting expert to prove his claim that Armstrong had forged Goldsmith's initials on the change of plea form. Goldsmith further asserted that Simeoni misled him to believe that a motion for appointment of a handwriting expert had already been filed. Goldsmith then asked the court to remove Simeoni and appoint different counsel. When the court denied Goldsmith's request, Goldsmith stated he would proceed pro se and he began to ask the court about his motion for a continuance to obtain a handwriting expert. From the record, it appears the trial court interrupted Goldsmith by stating, "That motion is denied." However, the trial court apparently did not directly address Goldsmith's request to proceed pro se.
The hearing continued with Simeoni continuing to represent Goldsmith. After Armstrong testified, Goldsmith again asserted his right to self-representation, but the trial court informed him that his attorney was handling the case. When Goldsmith argued that he had a right to self-representation, the trial judge stated: "Sir, I'm not in a position to be arguing with you. If you have a question, have your attorney ask it." Goldsmith continued to argue that he had a right to handle his case pro se, but the trial court ignored the request and stated, "Apparently, there are no further questions."
At the conclusion of a brief recess, Simeoni once more informed the trial court that Goldsmith was dissatisfied with Simeoni's handling of the case and that Goldsmith wanted to proceed pro se. The trial judge stated: "I understand what his desire is. We are proceeding with counsel at this time."
After testimony from an examining psychiatrist, Simeoni advised the trial court yet again that Goldsmith "does not feel I'm adequately representing his interests and wishes to proceed pro se." The trial court noted the request, and Goldsmith then asserted his own competency and his desire to represent himself. The trial judge then stated: "Sir, I have already ruled on your request to represent yourself. It's been denied."
At the end of the hearing, the trial court instructed the attorneys to submit written closing argument. The following day, Goldsmith submitted a written pleading again asserting his desire to waive counsel and proceed pro se in the closing argument stage. The trial court took no action *1256 on the request. Instead, after the attorneys submitted their memoranda, the trial court entered a written order denying Goldsmith's motion to withdraw plea.
In seeking a new evidentiary hearing, Goldsmith argues that he was forced to utilize the services of Simeoni despite his repeated requests to represent himself and that this error was compounded by the fact that the trial court failed to conduct a Faretta inquirythat is, an inquiry concerning whether the waiver of assistance of counsel was made knowingly and intelligentlythereby violating his constitutional rights.
The State asserts that Goldsmith failed to initially ask to represent himself and failed to allege that Simeoni's representation was inadequate, thereby precluding the need for a Nelson inquirythat is, an inquiry concerning "whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant." Nelson v. State, 274 So.2d 256, 259 (Fla. 4th DCA 1973). The State does not attempt to justify the trial court's failure to conduct a Faretta inquiry and instead suggests that this court must determine whether that omission was erroneous.

II. Analysis

"The United States Supreme Court has determined that a defendant in a state criminal trial has the constitutional right of self-representation and may forego the right of assistance of counsel." State v. Young, 626 So.2d 655, 656 (Fla.1993) (relying on Faretta v. California, 422 U.S. 806, 836, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). The right to self-representation is personal, and a defendant's choice "must be honored out of `that respect for the individual which is the lifeblood of the law.'" Faretta, 422 U.S. at 834, 95 S.Ct. 2525 (citing Illinois v. Allen, 397 U.S. 337, 350-351, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (Brennan, J., concurring)). "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must `knowingly and intelligently' forgo those relinquished benefits." Faretta, 422 U.S. at 835, 95 S.Ct. 2525 (quoting Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).
The right to self-representation applies at any critical stage in the proceedings, see Kearse v. State, 858 So.2d 348 (Fla. 1st DCA 2003), and a motion to withdraw plea constitutes such a critical stage, see Mattia v. State, 907 So.2d 683 (Fla. 2d DCA 2005).
Following the decision in Faretta, the Florida Supreme Court adopted Florida Rule of Criminal Procedure 3.111(d)(2), which provides that when a defendant seeks to waive assistance of counsel, the trial court must conduct a thorough inquiry "into both the accused's comprehension of that offer and the accused's capacity to make a knowing and intelligent waiver." Trial courts are also required to instruct defendants about the disadvantages and dangers associated with self-representation. See id. Most importantly, however, "[r]egardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent himself ... if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel." Fla. R.Crim. P. 3.111(d)(3) (emphasis added).
Accordingly, both case law and the rule require a trial court to inquire whether the defendant is knowingly and intelligently waiving the right to court-appointed counsel; a trial court's failure to do so constitutes reversible error. See Young, 626 So.2d at 657. Reversal is required where a defendant unequivocally *1257 requests to represent himself and the trial court denies the request without determiningafter conducting a proper Faretta inquirythat the choice of self-representation was not made knowingly and intelligently. See Hutchens v. State, 730 So.2d 825, 826-27 (Fla. 2d DCA 1999); Kearse, 858 So.2d at 349.
Here, the record is clear that the trial court failed to conduct any inquiry despite the fact that Goldsmith repeatedly requested to represent himself four times at the motion hearing and made a subsequent written request. "Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to `harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless." McKaskle v. Wiggins, 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); see also Young, 626 So.2d at 657 (holding that harmless error doctrine does not apply when court omits Faretta inquiry); Hutchens, 730 So.2d at 826 (same).

III. Conclusion

We therefore hold that the trial court committed reversible error by denying Goldsmith's request to represent himself. Without conducting a proper Faretta inquiry, the trial court had no basis for determining that Goldsmith should not be permitted to exercise his constitutional right of self-representation. We reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 836, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).