CRENSHAW, Judge.
 

 Calvin Flournoy appeals his judgment and sentences and argues that the trial court erred by denying his unequivocal request to represent himself without conducting an inquiry pursuant to
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The State contends that any
 
 Faretta
 
 inquiry would be futile because Flournoy failed to demonstrate during the pendency of his trial that he had the ability to exercise the necessary restraint to represent himself.
 
 See, e.g., Indiana v. Edwards,
 
 554 U.S. 164, 171, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008) (recognizing
 
 Faretta
 
 and later cases “have made clear that the right of self-representation is not absolute”);
 
 see also Tennis v. State,
 
 997 So.2d 375, 378 (Fla.2008) (acknowledging that in “certain instances a defendant may be precluded from exercising his or her right to proceed pro se after the trial court conducts a
 
 Faretta
 
 inquiry”). However, the seeming futility of a trial court’s
 
 Faretta
 
 inquiry “does not eliminate the requirement that a hearing be held to enable the trial court to make the appropriate determination of whether a defendant can represent himself.”
 
 Tennis,
 
 997 So.2d at 378-79. Flournoy’s request for self-representation was unequivocal; consequently, the trial court’s failure to hold a
 
 Faretta
 
 hearing resulted in per se reversible error, and our review is not amenable to a harmless error analysis.
 
 See Tennis,
 
 997 So.2d at 379;
 
 State v. Young,
 
 626 So.2d 655, 656-57 (Fla.1993);
 
 Goldsmith v. State,
 
 937 So.2d 1253, 1257 (Fla. 2d DCA 2006). Accordingly, because the trial court failed to conduct any
 
 Faret-ta
 
 inquiry and because we are constrained by the language in
 
 Tennis, Young,
 
 and
 
 Goldsmith,
 
 we reverse Flournoy’s judgment and sentences and remand for further proceedings.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and LaROSE, J„ Concur.