BLACK, Judge.
Trenton Herron challenges his judgments and sentences for robbery with a firearm, grand theft motor vehicle, and felonious possession of firearms. Of the issues Herron raises on appeal, we find merit only in his argument that the trial court reversibly erred in failing to address his unequivocal requests to discharge appointed counsel and represent himself. As a result, we are compelled to reverse for a new trial.
Following appointment of regional counsel, Herron filed a handwritten motion seeking to dismiss his attorney and represent himself. The motion stated, in its entirety: “The Defendant, Trenton M. Herron, pro se[,] pursuant to rules 3.111(d) and 3.160(e) of Fla. R.Crim. P. (2010), does hereby waive his right to be represented by an attorney in the above styled cases and does ‘hereby asserts [sic] his constitutional right to represent himself as established in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).” A week later, Herron filed a second motion to dismiss counsel using a standard, pre-typed form similar to the form described by this court in Jackson v. State, 33 So.3d 833, 835 (Fla. 2d DCA 2010). Herron crossed through two portions of the form order, both of which asked for replacement counsel, again indicating his desire to represent himself.
Nothing in our record, including the clerk’s progress docket, indicates that a hearing was held or that the court ruled upon either motion.
“Under the United States Supreme Court’s ruling in Faretta, an accused has the right to self-representation *854 at trial.” Tennis v. State, 997 So.2d 375, 377 (Fla.2008). “[O]nce a defendant elects to make an unequivocal request for self-representation, pursuant to Faretta and this Court’s precedent, the trial court is obligated to hold a hearing ‘to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel.’ ” McCray v. State, 71 So.3d 848, 864 (Fla.2011) (quoting Tennis, 997 So.2d at 378). The “failure to take the preliminary step of holding a hearing on a defendant’s unequivocal pro se request results in per se reversible error.” Id.
There is no question that Herron’s initial motion to dismiss regional counsel was an unequivocal request to represent himself. Because the trial court committed per se reversible error in failing to hold a hearing on the motion, “our review is not amenable to a harmless error analysis,” and we must reverse and remand for a new trial. See Flournoy v. State, 47 So.3d 403, 403 (Fla. 2d DCA 2010); Cruz v. State, 59 So.3d 322, 322 (Fla. 3d DCA 2011).
In conjunction with his claim that the court failed to conduct a Faretta inquiry, Herron also argues that the court committed per se reversible error in failing to conduct a Nelson[1] inquiry. Because our ruling on the Faretta issue necessitates a new trial, we need not address this second issue. We note only that a trial court reversibly errs when it denies a motion to dismiss counsel “without at least making a preliminary inquiry” pursuant to Nelson. Jackson, 33 So.3d at 835; see Torres v. State, 42 So.3d 910, 912 (Fla. 2d DCA 2010); Milkey v. State, 16 So.3d 172, 173-74 (Fla. 2d DCA 2009).
Finally, we are not persuaded by the State’s argument that Herron waived these issues by proceeding to trial with his appointed counsel. Florida Rule of Criminal Procedure 3.111(d)(2) provides:
A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused’s comprehension of that offer and the accused’s capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.
(Emphasis added.)
Rule 3.111(d)(3) states that a court “shall not deny a defendant’s unequivocal request to represent himself ... if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel.” (Emphasis added.) Here, the trial court neither made a thorough inquiry nor a determination of record. See Lindsey v. State, 69 So.3d 363, 365 (Fla. 5th DCA 2011) (concluding a defendant “must still be made aware of the dangers and disadvantages of self-representation so that the record will establish the defendant made the choice with open eyes”). “This is not a case where the defendant ceased complaining about his counsel and proceeded to trial after having an opportunity to express to the court the reasons for his dissatisfaction with counsel.” Milkey, 16 So.3d at 178; see also State v. Kelly, 999 So.2d 1029, 1036 (Fla.2008) (reiterating the well-established principle that courts may not presume waiver of constitutional rights from a silent record); Lindsey, 69 So.3d at 366 (concluding that “the passage of a few months and a subsequent trial do not amount to a waiver” of a request to discharge counsel); Cf. Morrison v. State, 818 So.2d 432, 441 (Fla.2002) (concluding the *855 court made sufficient inquiry into defendant’s motions where court gave defendant opportunity to express his concerns at a hearing); Lowe v. State, 650 So.2d 969, 975 (Fla.1994) (concluding no error where defendant told the court “[njever mind ... just forget it,” after being given an opportunity to discuss his motion to dismiss counsel).
Accordingly, because the trial court failed to conduct a Faretta inquiry, we are constrained to reverse the judgments and sentences and remand for a new trial.
Reversed and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).