BLACK, Judge.
Charles Combs was convicted of two counts of robbery with a mask. He was sentenced to concurrent terms of thirty *566 years in prison as a prison releasee reof-fender. Because we conclude that the trial court failed to conduct a Faretta[1] hearing following Combs’ unequivocal request to represent himself, we must reverse. Our resolution renders all but one of Combs’ remaining six issues moot.
On December 16, 2011, the trial court held a hearing to address Combs’ motion to dismiss counsel and to revisit his notice of intent to use reverse Williams[2] rule evidence. Following the denial of the motion to dismiss counsel, the court advised Combs that the next step was to determine whether he wanted to represent himself. The court told Combs that he would need to file a Faretta motion if he wished to represent himself. The following exchange occurred thereafter:
Court: Your motion to dismiss [counsel] is denied.... A written order will be forthcoming [as to the Williams rule issue].
Combs: How do I do the Faretta hearing then, your honor?
Court: Sir, I’m not here to give you legal advice.
Combs: No, I’m saying I would like to have a—
Court: Okay.
Combs: I would like to have a Faretta— Court: What did I just say?
Combs: I’m notifying the court that I would like to represent myself.
Court: What did I just say? Were you listening?
Combs: Yes, I was listening, your hon- or.
Court: Okay. So if you were listening—
Combs: You said my next step would be to do a Faretta hearing.
Court: File a motion for a Faretta hearing.
Combs’ statement that he was “notifying the court” that he wished to represent himself was unequivocal. Once a defendant unequivocally requests to represent himself, “ ‘pursuant to Faretta and this Court’s precedent, the trial court is obligated to hold a hearing to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel.’ ” Herron v. State, 113 So.3d 852, 854 (Fla. 2d DCA 2012) (quoting McCray v. State, 71 So.3d 848, 864 (Fla.2011)). “The ‘failure to take the preliminary step of holding a hearing on a defendant’s unequivocal pro se request results in per se reversible error.’ ” Id. (quoting McCray, 71 So.3d at 864); accord Wilson v. State, 76 So.3d 1085, 1088 (Fla. 2d DCA 2011). “ ‘[O]ur review is not amenable to a harmless error analysis,’ and we must reverse and remand for a new trial.” Id. (quoting Flournoy v. State, 47 So.3d 403, 403 (Fla. 2d DCA 2010)).
We note that contrary to the implied assertion of the trial court, a written motion to proceed pro se is not required. Oral invocations of the right to self-representation are sufficient to warrant a Faret-ta inquiry provided the request is unequivocal, as here. See Vollmer v. State, 101 So.3d 383, 384 (Fla. 2d DCA 2012); Hutchens v. State, 730 So.2d 825, 826 (Fla. 2d DCA 1999); Laramee v. State, 90 So.3d 341, 344 (Fla. 5th DCA 2012). And rather than require a written motion, “[i]f the trial court’s docket did not permit a contemporaneous Faretta inquiry, it should have scheduled the inquiry for a date certain before the scheduled trial date.” See Hutchens, 730 So.2d at 826. By failing to *567 conduct a Faretta hearing, the court “sought to place the burden on the accused to renew his request at a later date” in violation of the defendant’s constitutional right. Id.
Because the issue may arise on retrial, we address the trial court’s error in sustaining the State’s hearsay objections to portions of Combs’ testimony.
The masked robbery with which Combs was charged was committed by two men. It appears undisputed, based upon police officers’ testimony, that one of the men was Dennis Kauffman. Two days after the robbery, Kauffman committed suicide.
Combs’ defense was that Kauffman and Anthony Foreman were responsible for the crime. Foreman had previously confessed to robbing the bank, detailing how he used items belonging to Combs as a disguise in the commission of the crime. Combs sought to introduce several out-of-court statements of Foreman and Kauff-man made just before the robbery to support his defense that Foreman and Kauff-man planned and committed the robbery together.
At a bench conference following the State’s repeated hearsay objections to Combs’ testimony, defense counsel argued that section 90.808(3), Florida Statutes (2011), permitted the statements to be introduced. He contended that Combs would testify as to conversations he had with Foreman and Kauffman prior to the robbery in which both men stated their intention to rob the bank. The court sustained the hearsay objections without elaboration.
Section 90.803(3)(a) is the then-existing state of mind hearsay exception. “A statement of the declarant’s then-existing state of mind ... including a statement of intent, plan, motive, [or] design ... when such evidence is offered to .... [p]rove or explain acts of subsequent conduct of the declarant,” is admissible. § 90.803(3)(a)(2). Relevancy is also a consideration in determining admissibility under the state of mind exception. Charles W. Ehrhardt, Ehrhardt’s Florida Evidence § 803.3b (2011 ed.). That is, “[t]he conduct that the declaration is offered to prove must be relevant to the issues in the case.” Id. And there must be “evidence demonstrating that the declarant acted in accord with the state of mind or intent.” Penalver v. State, 926 So.2d 1118, 1128 (Fla.2006).
With regard to Kauffman’s hearsay statements, “[t]he rule is quite generally recognized that the statements of a deceased person as to the purpose and destination of a trip or journey he is about to take are admissible.” See Bowen v. Keen, 154 Fla. 161, 17 So.2d 706, 711 (1944). Clearly, Kauffman’s alleged statements were relevant and supported by the fact that the robbery occurred. Foreman’s alleged statements were also admissible. Foreman’s inculpatory statements were relevant to Combs’ defense; Foreman’s confession was admitted into evidence. And again, the fact that the robbery occurred is sufficient evidence demonstrating that Foreman acted in accord with his stated intent. See Penalver, 926 So.2d at 1118. Further, although Foreman’s confession was admitted, so was his recantation. His credibility, as well as Combs’, was an issue before the jury. Foreman’s alleged statements would have been valuable to the defense. See Morris v. State, 487 So.2d 291, 292 (Fla.1986).
Based on the foregoing, we reverse and remand for a new trial.
SILBERMAN and KELLY, JJ., Concur.

. Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. Williams v. State, 110 So.2d 654, 658-63 (Fla.1959); see also Simpson v. State, 3 So.3d 1135, 1145 n. 6 (Fla.2009) (defining reverse Williams rule evidence).