NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EUGENE JERMAINE BETTS,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　Case No. 2D13-4292
　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　　)
_____)

Opinion filed January 30, 2015.

Petition Alleging Ineffective Assistance
of Appellate Counsel.  Pinellas County;
Richard A. Luce, Judge.

Eugene Jermaine Betts, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John T. Salgado,
Assistant Attorney General, Tampa, for
Respondent.


SILBERMAN, Judge.

　　　　　　In his petition filed under Florida Rule of Appellate Procedure 9.141(d),

Eugene Jermaine Betts raises five grounds alleging ineffective assistance of appellate

counsel.  We grant the petition as it relates to grounds one and two, and we deny

without comment the remaining grounds.

Mr. Betts was tried by jury and convicted of nine counts of robbery with a firearm, three counts of attempted robbery with a firearm, one count of aggravated battery, and one count of second-degree felony murder. The trial court imposed sentences of life imprisonment for the second-degree felony murder and armed robberies and four fifteen-year imprisonment sentences for the attempted robberies and the aggravated battery. This court affirmed Mr. Betts' convictions and sentences without written opinion. Betts v. State, 110 So. 3d 447 (Fla. 2d DCA 2013) (table decision).

In the first and second grounds in his petition filed under rule 9.141(d), Mr. Betts argues that appellate counsel was ineffective for not arguing in his direct appeal that (1) the trial court reversibly erred when it failed to conduct the proper inquiry and wrongly denied his unequivocal waiver of counsel and request to proceed pro se at a hearing on August 13, 2007, and (2) the trial court reversibly erred when it failed to address his subsequent requests to proceed pro se filed on August 22, 2007, and July 7, 2008. We agree.

On July 26, 2007, Mr. Betts filed a motion to dismiss counsel and an unequivocal waiver of counsel. The motion to dismiss was a standard fill-in-the-blank motion, but Mr. Betts marked out the portion that asks for different counsel and wrote in a request for stand-by counsel. The hand-written waiver of counsel stated:

> The Defendant, Eugene Betts, pursuant to Florida Rules of Criminal Procedure 3.111(d), 3.160(e), and Faretta v. California (1975) 422 U.S. 806, 45 L.Ed. 562, 95 S.Ct. 2525, hereby waives his right to be represented by an attorney in the above styled cause. Defendant acknowledges that he has been advised by the court that he is entitled to be represented by an attorney in all proceedings in this cause and that if he is financially unable

to retain an attorney the court will appoint an attorney to represent him. The Defendant in a state criminal trial has the right under the Sixth and Fourteenth Amendments to proceed without counsel.

Therefore, in light of the waiver of representation by professional counsel articulated herein, and based upon the previously cited rules and authorities, Defendant moves this Honorable Court to grant the Defendant's motion and pro se status as a matter of law.

The trial court held a hearing on the waiver of counsel and motion to proceed pro se on August 13, 2007. Defense counsel asked the trial court to verify that Mr. Betts wanted to proceed pro se, Mr. Betts responded "yes," and the trial court acknowledged the written waiver of counsel. The following then occurred:

THE COURT: All right. Mr. Betts, anything you want to add?

THE DEFENDANT: No, sir. Is there anything that I should add?

THE COURT: Okay. All right. Mr. Betts, is that it then, what you've put in your motion in writing?

THE DEFENDANT: Sir, excuse me?

THE COURT: Are you proceeding on what you've put in writing in your motion?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Thank you.

Today I am going to deny your motion to proceed pro se without prejudice. There are some matters that concern the court. Here's a few of them. Number one, you are in an isolation status of the county jail because you have engaged apparently in some sort of physical confrontation with another prisoner. And—

THE DEFENDANT: That's incorrect, sir.

THE COURT: That's the information that I've received.

THE DEFENDANT: That's incorrect, sir.

THE COURT: And, Mr. Betts, I can't, you know, get to the bottom of that information today, so I will revisit it at a future date.

So I'm not out and out denying your motion to represent yourself. I'm denying it without prejudice until I can get to the bottom of that concern that I have. You are in a single-cell isolation unit, are you not?

THE DEFENDANT: No, sir.

THE COURT: You're not?

THE DEFENDANT: I mean, I'm in Charlie, which is—it's part of isolation cells.

. . . .

THE COURT: Okay. Right. So after I hear those motions, I'll re-entertain your motion if there's some new information that could be brought by you to me.

THE DEFENDANT: But that's the whole call.

THE COURT: Correct.

THE DEFENDANT: I want those motions—

THE COURT: Mr. Betts, that's the Court's ruling here today. Thank you.

Subsequently, Mr. Betts filed two additional unequivocal motions to proceed pro se on August 22, 2007, and July 7, 2008. Nothing in our record, including the clerk's progress docket and the transcripts of the hearings that occurred shortly after the motions were filed, indicates that a hearing was held or that the court ruled upon either motion.

- 4 -

It is well established that a trial court reversibly errs if it fails to conduct a Faretta[1] inquiry in response to an accused's unequivocal request to represent himself at trial. See Tennis v. State, 997 So. 2d 375, 378 (Fla. 2008) ("Under Faretta and our precedent, once an unequivocal request for self-representation is made, the trial court is obligated to hold a hearing, to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel."). In determining whether a defendant's waiver of counsel is knowing and voluntary, the court should include inquiry into the defendant's age, education, mental condition, experience with and knowledge of criminal proceedings, and understanding of the disadvantages and dangers of self-representation. See Curtis v. State, 32 So. 3d 759, 760 (Fla. 2d DCA 2010). "[O]nce a court determines that a competent defendant of his or her own free will has 'knowingly and intelligently' waived the right to counsel, the dictates of Faretta are satisfied, the inquiry is over, and the defendant may proceed unrepresented." State v. Bowen, 698 So. 2d 248, 251 (Fla. 1997).

Here, the trial court denied Mr. Betts' July 26, 2007, motion to dismiss counsel and unequivocal waiver of counsel without conducting an inquiry to determine whether his waiver of counsel was knowing and voluntary, and this was reversible error.[2] See State v. Young, 626 So. 2d 655, 657 (Fla. 1993) ("We conclude that the

---

[1] Faretta v. California, 422 U.S. 806 (1975).

[2] We recognize that the trial court was concerned about Mr. Betts' ability to represent himself under the constraints of isolation status at the county jail. But the court denied the motion without allowing Mr. Betts to address the isolation issue or the issue of whether his waiver was knowing and voluntary. Rather than denying the motion without prejudice to renewing it at a later time, the court should have allowed Mr. Betts to present his argument or should have continued the hearing until the court had the necessary information to undertake the proper inquiry.

United States Supreme Court decision in <u>Faretta</u> and our rule 3.111(d) require a reversal when there is not a proper <u>Faretta</u> inquiry."); <u>Flournoy v. State</u>, 47 So. 3d 403, 403 (Fla. 2d DCA 2010) ("Flournoy's request for self-representation was unequivocal; consequently, the trial court's failure to hold a <u>Faretta</u> hearing resulted in per se reversible error, and our review is not amenable to a harmless error analysis."); <u>Goldsmith v. State</u>, 937 So. 2d 1253, 1256-57 (Fla. 2d DCA 2006) ("Reversal is required where a defendant unequivocally requests to represent himself and the trial court denies the request without determining—after conducting a proper <u>Faretta</u> inquiry—that the choice of self-representation was not made knowingly and intelligently."); <u>Hutchens v. State</u>, 730 So. 2d 825, 826 (Fla. 2d DCA 1999) ("When an accused, as here, seeks to invoke his constitutional right of self-representation, Florida Rule of Criminal Procedure 3.111(d)(2) requires the trial court to apprise the accused of the dangers and disadvantages of self-representation and to make a thorough inquiry into the accused's mental capacity to knowingly and intelligently waive counsel.").

The State urges this court to hold that Mr. Betts waived his right to self-representation by proceeding to trial with his court-appointed counsel and by behaving appropriately at trial. In <u>Hutchens</u>, this court rejected a similar argument. 730 So. 2d at 826. As in Mr. Betts' case, Hutchens sought to represent himself, and the trial court denied his request without conducting the proper inquiry while indicating that Hutchens could renew his request at a later date. <u>Id.</u> at 826. Unlike Mr. Betts, Hutchens did not renew his request, and the State argued on appeal that Hutchens waived his right to self-representation because he did not renew his request when his trial began. <u>Id.</u> This court rejected that argument, explaining that <u>Faretta</u> and rule 3.111(d)(2) place the duty

- 6 -

on the trial court to safeguard an accused's right to self-representation.  Id.  "We refuse to find a waiver under these circumstances when the trial court initially failed in its duty to make a proper inquiry and, instead, sought to place the burden on the accused to renew his request at a later date."  Id.

In Herron v. State, 113 So. 3d 852, 853-54 (Fla. 2d DCA 2012), this court again rejected the State's argument that the defendant, by proceeding to trial with appointed counsel, waived the issue of the trial court's failure to hold a hearing on an unequivocal request to proceed pro se.  Herron filed a handwritten motion seeking to dismiss his attorney and represent himself and followed up by filing a standard, pre-typed form.  Id. at 853.  Like Mr. Betts, Herron crossed through portions of the form motion that asked for replacement counsel, again indicating his desire to represent himself.  Id.  As in this case, nothing in the record in Herron, including the clerk's progress docket, indicated that the trial court held a hearing or ruled upon either of Herron's motions.

We concluded in Herron that the trial court committed per se reversible error in failing to hold a hearing on the motions as required by rule 3.111(d)(2) and (d)(3), and we explained that our review was not amenable to a harmless error analysis.  Id. at 854.  Thus, we reversed Herron's judgments and sentences and remanded for a new trial.  Id. at 855; see also Brown v. Wainwright, 665 F.2d 607, 612 (5th Cir. 1982) (observing that after a clear denial of a defendant's request for self-representation, the "defendant need not make fruitless motions or forego cooperation with defense counsel in order to preserve the issue on appeal").

Had appellate counsel raised the trial court's errors in Mr. Betts' direct appeal, this court would have been constrained to reverse his judgment and sentences and remand the case for a new trial.  See Herron, 113 So. 3d at 855.  Because a new appeal would be redundant in this proceeding, the same relief is required.  See Johnson v. Wainwright, 498 So. 2d 938, 939 (Fla. 1986).  Therefore, we reverse Mr. Betts' judgment and sentences and remand for a new trial.

Petition granted in part; denied in part.

WALLACE and BLACK, JJ., Concur.