NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KENNY DARYL SNELL,                  )
                                    )
            Appellant,              )
                                    )
v.                                  )          Case No. 2D14-4087
                                    )
STATE OF FLORIDA,                   )
                                    )
            Appellee.               )
_____)

Opinion filed September 9, 2016.

Appeal from the Circuit Court for Polk
County; Roger A. Alcott, Judge.

Howard L. Dimmig, II, Public Defender,
and Kevin Briggs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellee.

SALARIO, Judge.

        Kenny Snell appeals his convictions and sentences for three counts of

fraudulent use of personal identification information, see § 817.568, Fla. Stat. (2013),

one count of fraudulent use of a credit card, see § 817.61, two counts of theft from a

person sixty-five years of age or older, see § 812.0145, Fla. Stat. (2013), one count of

petit theft, see § 812.014, and one count of contracting without a license, see § 489.127, Fla. Stat. (2013). We are required to reverse and remand for a new trial because the trial court denied Mr. Snell's motion to discharge his retained counsel and proceed pro se on the basis of a legally deficient inquiry under Faretta v. California, 422 U.S. 806 (1975). This disposition of the case renders Mr. Snell's other appellate issues moot, and we therefore decline to address them.

Several days before trial, Mr. Snell filed a motion to dismiss counsel and proceed pro se. The motion requested that the trial court allow him "to dismiss his privately retained counsel . . . and allow him after preparation to represent himself." Mr. Snell alleged that counsel's representation had been prejudicially deficient because counsel had failed to contact certain witnesses Mr. Snell believed would support his defense and because counsel had failed to challenge the sufficiency of the discovery provided by the State. Mr. Snell asserted that because counsel was not appointed, he had the right to dismiss him and that he wanted to proceed pro se.

The trial court held a hearing on the motion the day before trial. Mr. Snell restated the issues raised in his written motion, asked to represent himself, and requested a continuance so that he could have time to prepare. The trial court asked Mr. Snell if he had ever represented himself in a court proceeding and if he was familiar with the Florida Rules of Criminal Procedure. Mr. Snell responded that he was somewhat familiar with court proceedings. The trial court told Mr. Snell that it would not continue the trial, to which Mr. Snell responded "okay." The trial court denied the motion, finding that it was not taken in good faith but was instead a delay tactic.

Defendants have both a constitutional right to counsel and a constitutional right to self-representation under the Sixth and Fourteenth Amendments. Faretta, 422

U.S. at 819-20. When a defendant makes an unequivocal request to discharge his lawyer and represent himself, the trial court is required under Faretta to conduct an inquiry to determine whether the defendant's decision to waive his constitutional right to counsel and proceed pro se is knowing and intelligent. Fla. R. Crim. P. 3.111(d)(2); Tennis v. State, 997 So. 2d 375, 378 (Fla. 2008). When a trial court responds to an unequivocal request for self-representation by failing to conduct a Faretta inquiry at all or by conducting a legally deficient Faretta inquiry, an appellate court is required to reverse and remand for a new trial. Tennis, 997 So. 2d at 379; Herron v. State, 113 So. 3d 852, 853-54 (Fla. 2d DCA 2012).

Here, because Mr. Snell made unequivocal requests to represent himself in his written motion and at the hearing, the trial court was required to conduct a Faretta inquiry. See Tennis, 997 So. 2d at 379-80 (holding that trial court reversibly erred in failing to conduct a Faretta inquiry after defendant explicitly stated that he wanted to represent himself). Mr. Snell argues that the trial court's inquiry was legally deficient, and we agree. Because a Faretta inquiry is directed at determining whether the defendant's waiver of his right to counsel is knowing and voluntary, it must include "inquiry into the defendant's age, education, mental condition, experience with and knowledge of criminal proceedings, and understanding of the disadvantages and dangers of self-representation." Betts v. State, 157 So. 3d 376, 379 (Fla. 2d DCA 2015); see also Fla. R. Crim. P. 3.111(d)(2) ("Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation."). Here, the trial court asked only about Mr. Snell's experience with and knowledge of criminal proceedings and not any other facts bearing on whether his waiver was knowing and voluntary. On its face, this Faretta inquiry was

deficient. See, e.g., Smith v. State, 956 So. 2d 1288, 1290 (Fla. 4th DCA 2007) (reversing and remanding for new trial where the trial court's inquiry was limited to "asking [the defendant] about his experience with the criminal justice system, whether [the defendant] believed he was capable of representing himself, whether he would be ready for trial on the scheduled date, and whether he would 'behave like a gentleman' ").

We are sympathetic to the trial court's concern that Mr. Snell's motion may have been made for the purpose of delaying trial. However, our supreme court has held that even a well-founded belief that a motion to proceed pro se is part of a delay strategy "does not mean that the trial court can fail to hold a Faretta hearing after an unequivocal request for self-representation." Tennis, 997 So. 2d at 379; see also State v. Young, 626 So. 2d 655, 656-57 (Fla. 1993); Vega v. State, 57 So. 3d 259, 261-62 (Fla. 5th DCA 2011) (noting that even if a trial court validly concludes a defendant was merely attempting to delay proceedings, it is nonetheless required to conduct an adequate inquiry). Because the trial court's inquiry was insufficient to satisfy the requirements of Faretta, we must reverse and remand for a new trial. See Young, 626 So. 2d at 657 ("We conclude that the United States Supreme Court decision in Faretta and our rule 3.111(d) require a reversal when there is not a proper Faretta inquiry."); see also Tennis, 997 So. 2d at 380; Betts, 157 So. 3d at 379.

Reversed and remanded.

CASANUEVA and MORRIS, JJ., Concur.