NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FRANKLIN KINGLANDS JOHNSON, III,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Appellant,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　　Case No. 2D16-1316
　　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Appellee.　　　　　　　　　　)
_____)

Opinion filed June 27, 2018.

Appeal from the Circuit Court for
Hillsborough County; Thomas P. Barber,
Judge.

Howard L. Dimmig, II, Public Defender,
and Joanna Beth Conner, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin,
Assistant Attorney General, Tampa, for
Appellee.

CRENSHAW, Judge.

Franklin Johnson appeals his judgment and sentences for battery on a law

enforcement officer and obstructing or opposing an officer with violence. He argues that

the court failed to offer counsel, failed to conduct an adequate Faretta[1] inquiry, and erred in accepting his waiver of the right to counsel at various critical stages.[2]  Because the court failed to offer counsel to Johnson and failed to conduct a Faretta inquiry before permitting him to represent himself during plea negotiations, which is a critical stage, we reverse.

"Every person accused of [a] crime has a right to have counsel to aid him in his defense . . . ."  Cutts v. State, 45 So. 491, 492 (Fla. 1907) (quoting Barnes v. Commonwealth, 23 S.E. 784 (Va. 1895), overruled in part by Council v. Commonwealth, 94 S.E. 245 (Va. 1956)).  This right attaches at a critical stage of the proceedings, and the defendant—if unrepresented—must be informed of this right and the consequences of a waiver.  Wilson v. State, 76 So. 3d 1085, 1087-88 (Fla. 2d DCA 2011) (quoting Traylor v. State, 596 So. 2d 957, 968 (Fla. 1992)).  Conversely, the defendant has the right to conduct his own defense.  Art. 1, § 16, Fla. Const.; see also Faretta v. California, 422 U.S. 806, 821 (1975) ("The Sixth Amendment, when naturally read . . . implies a right of self-representation.").  If the defendant chooses to avail himself of this right and waive the assistance of counsel, the court must inquire of the defendant to determine whether the waiver is knowing and intelligent.  Tennis v. State, 997 So. 2d 375, 378 (Fla. 2008).  If the court then finds that the waiver is knowing and intelligent the defendant must be permitted to represent himself.  Traylor, 596 So. 2d at 968.

---

[1]Faretta v. California, 422 U.S. 806 (1975).

[2]The terms "critical stage" and "crucial stage" are used interchangeably.  Sims v. State, 135 So. 3d 1098, 1101 (Fla. 2d DCA 2013).  "[A] 'crucial stage' is any stage that may significantly affect the outcome of the proceedings."  Traylor v. State, 596 So. 2d 957, 968 (Fla. 1992).

"[T]he waiver is only valid at that stage and the court must renew the offer of counsel at each crucial stage as long as the defendant is unrepresented." Hyden v. State, 117 So. 3d 1, 4 (Fla. 2d DCA 2011); see also Fla. R. Crim. P. 3.111(d)(5).

Johnson represented himself throughout the entire proceedings. He argues that the first Faretta inquiry on June 9, 2015, was inadequate; that he was not offered counsel at the competency hearing on September 1, 2015, or at the follow up to the competency hearing on November 9, 2015; and that the court erred in accepting his waiver of the right to counsel at the second Faretta inquiry on February 1, 2016, prior to jury selection. We agree with Johnson that the failure to offer counsel and conduct a Faretta inquiry at the November 9, 2015, hearing was error. As such, we need not address his remaining claims.

At the November 9, 2015, hearing the court initially reiterated the concerns it had regarding Johnson's competency, noted that both doctors had found Johnson competent following their evaluations on September 1, 2015, and made its own finding that Johnson was competent. The court then entertained plea negotiation during which the State offered five years' prison, which Johnson rejected. The court also scheduled the pretrial conference for January 26, 2016, and trial for the first week in February. At no point did the court extend to Johnson the assistance of counsel or conduct a Faretta inquiry.

"[T]he plea bargaining stage is a critical one." Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013); see also Padilla v. Kentucky, 559 U.S. 356, 373 (2010) ("[W]e have long recognized that the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel."

(citing Hill v. Lockhart, 474 U.S. 52, 57 (1985))); see also Missouri v. Frye, 566 U.S. 134, 144 (2012) ("In today's criminal justice system . . . the negotiation of a plea bargain, rather than the unfolding of a trial, is almost always the critical point for a defendant. . . . [A] plea agreement can benefit both parties. In order that these benefits can be realized, however, criminal defendants require effective counsel during plea negotiations. 'Anything less . . . might deny a defendant effective representation by counsel at the only stage when legal aid and advice would help him.' " (quoting Massiah v. United States, 377 U.S. 201, 204 (1964))). Because plea negotiation is a critical stage and Johnson was unrepresented, the court should have offered him the assistance of counsel and if waived, inquired of him to determine whether the waiver was knowing and intelligent before permitting him to engage in plea negotiation with the State. See Segal v. State, 920 So. 2d 1279, 1280 (Fla. 4th DCA 2006) ("[O]nce counsel has been waived under Faretta, the offer of assistance of counsel must be renewed by the court at each subsequent stage of the proceedings." (citing Fla. R. Crim. P. 3.111(d)(5); Traylor, 596 So. 2d at 968)). "Faretta and [Florida Rule of Criminal Procedure] 3.111(d)(2) place the duty on the trial court to safeguard an accused's right to self-representation." Betts v. State, 157 So. 3d 376, 380 (Fla. 2d DCA 2015).

The court's failure to offer counsel and properly safeguard Johnson's right to self-representation at the point of plea negotiation was not harmless. "Failure to renew the offer of counsel at a critical stage and conduct a Faretta inquiry if the defendant rejects the renewed offer is per se reversible error." Alexander v. State, 224 So. 3d 804, 806 (Fla. 2d DCA 2017) (emphasis omitted) (quoting Brooks v. State, 180

So. 3d 1094, 1096 (Fla. 1st DCA 2015)); <u>Howard v. State</u>, 147 So. 3d 1040, 1043 (Fla.

1st DCA 2014) (stating the same principle).  Thus, Johnson is entitled to a new trial.

Reversed and remanded for new trial.

SILBERMAN and SLEET, JJ., Concur.