DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERSKINE JAMES MCKINLEY JR.**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-2822

[January 9, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502014CF1807CXXX.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Melanie Dale Surber, Senior Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Erskine James McKinley, Jr. appeals his convictions for two counts of attempted first-degree murder with a firearm. He raises four issues on appeal, and we affirm three without comment. For the final issue, McKinley argues the court erred in failing to respond to his requests to represent himself. We agree and reverse.

During voir dire, McKinley stated to the court: "Judge, I want to represent myself." The transcript does not show that the court, or counsel, responded to his request. Later, after the jury was empaneled but before opening statements, McKinley again asked to represent himself: "Pro se, man. Can I go pro se? I don't want him by me." After some dialogue, the court asked McKinley if he was requesting the court to represent himself. McKinley responded, "[Y]eah." McKinley also stated: "I will represent myself," and "I will represent myself because I ain't got my witness." Despite these statements, the court found McKinley had not made an unequivocal request for self-representation and proceeded to trial.

The Sixth Amendment to the United States Constitution protects a criminal defendant's right to self-representation. Amend. VI, U.S. Const.; *Faretta v. California*, 422 U.S. 806, 807 (1975). "When a defendant indicates that he wishes to waive his right to counsel and represent himself, the trial court is obligated to conduct a[n] . . . inquiry to determine if he is knowingly and intelligently waiving his right to counsel and is 'aware of the dangers and disadvantages of self-representation.'" *Davis v. State*, 10 So. 3d 176, 178 (Fla. 5th DCA 2009) (quoting *Faretta*, 422 U.S. at 835).

The State argues that McKinley failed to make an unequivocal request to represent himself. We disagree. McKinley stated several times that he wished to represent himself, and his request was unequivocal. *See Hooker v. State*, 152 So. 3d 799, 801 (Fla. 4th DCA 2014) (noting that the Defendant's statement "I'd like to exercise my sixth amendment right to go pro se . . . ." was unequivocal (omission in original)).

"Under *Faretta* . . . , once an unequivocal request for self-representation is made, the trial court is obligated to hold a hearing, to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel." *Tennis v. State*, 997 So. 2d 375, 378 (Fla. 2008). Failure to hold a hearing in the face of an unequivocal request is reversible error. *Id.* at 380; *see also Laramee v. State*, 90 So. 3d 341, 344 n.6 (Fla. 5th DCA 2012) ("Florida law is clear that a trial court's failure to hold a *Faretta* hearing is not subject to a harmless error analysis, and is per se reversible error." (citations omitted)).

Because McKinley made an unequivocal request to represent himself, a *Faretta* hearing was required. Without a *Faretta* hearing, we are compelled to reverse McKinley's convictions and remand for a new trial.

*Reversed and remanded.*

WARNER and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***