NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GAETANO KEIRAN SPERA,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D18-1702
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed October 23, 2019.

Appeal from the Circuit Court for Pinellas
County; Chris Helinger, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. D'Amico, Special Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and William Stone, Jr.,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

⠀⠀⠀⠀⠀⠀Gaetano Spera challenges his conviction and sentence for first-degree

murder.  Spera was sentenced to life in prison following a jury trial.  He argues on

appeal that the trial court erred in failing to conduct a Faretta[1] hearing after he unequivocally requested to represent himself.  We agree and are therefore compelled to reverse for a new trial.[2]

On March 21, 2018, Spera filed a pro se "Motion To Faretta" which stated: "Comes Now, the defendant, Gaetano Spera, pro-se, and Moves this honorable Court for a Faretta hearing.  As grounds for said Motion the following [is] alleged[:] 1. Defendant[']s right to self-representation."  The court did not conduct a Faretta hearing or rule on the motion.  The trial began on April 3, 2018, with Spera represented by counsel, and the still-pending motion was not addressed.

> "Under the United States Supreme Court's ruling in Faretta, an accused has the right to self-representation at trial."  Tennis v. State, 997 So. 2d 375, 377 (Fla. 2008).  "[O]nce a defendant elects to make an unequivocal request for self-representation, pursuant to Faretta and this Court's precedent, the trial court is obligated to hold a hearing 'to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel.' "  McCray v. State, 71 So. 3d 848, 864 (Fla. 2011) (quoting Tennis, 997 So. 2d at 378).  The "failure to take the preliminary step of holding a hearing on a defendant's unequivocal pro se request results in per se reversible error."  Id.

Herron v. State, 113 So. 3d 852, 853-54 (Fla. 2d DCA 2012).  Without question, Spera's written motion was an unequivocal request to represent himself.  See Combs v. State, 133 So. 3d 564, 566 (Fla. 2d DCA 2014) ("Combs' statement that he was 'notifying the

---

[1]Faretta v. California, 422 U.S. 806 (1975).

[2]Spera also argues that the trial court fundamentally erred in admitting his cell phone's historical cell-site location information because the State acquired the information without a search warrant.  We are not convinced that this rises to the level of fundamental error based on the record before us and note that Spera will have an opportunity to seek the suppression of the information on remand.

court' that he wished to represent himself was unequivocal."); Herron, 113 So. 3d at 853-54 (holding that Herron's written motion, indicating that "pursuant to rules 3.111(d) and 3.160(e) of Fla. R.Crim. P. (2010)" Herron "waive[d] his right to be represented by an attorney" and " 'assert[ed] his constitutional right to represent himself' as established in Faretta," was an unequivocal request for self-representation); McKinley v. State, 261 So. 3d 599, 599-600 (Fla. 4th DCA 2019) (holding that McKinley's repeated assertions that he wanted to represent himself and would represent himself were unequivocal); Hooker v. State, 152 So. 3d 799, 801-02 (Fla. 4th DCA 2014) (holding that Hooker's statement to the court that he would "like to exercise [his] sixth amendment right to go pro se" was an unequivocal request for self-representation); Rodriguez v. State, 982 So. 2d 1272, 1273-74 (Fla. 3d DCA 2008) (holding that Rodriguez's statement at the start of trial that he would "prefer to represent [him]self" was an unequivocal request for self-representation).

The State contends that Spera's request was equivocal because he did not also request to dismiss his counsel. While a request to dismiss counsel may go hand in hand with a request for self-representation, the failure to explicitly indicate one's desire to discharge counsel does not otherwise make a clear request for self-representation any less so. Cf. Hooker, 152 So. 3d at 801-02; Rodriguez, 982 So. 2d at 1273-74. This case is distinguishable from McCray v. State, 71 So. 3d 848, 868 (Fla. 2011), in which the supreme court determined that McCray's request for self-representation was equivocal because "the record makes clear that McCray . . . sought to represent himself while simultaneously having counsel assist him." We have no such record in this case.

- 3 -

Moreover, Spera's request, which was made approximately two weeks before trial, was not untimely. Compare Laramee v. State, 90 So. 3d 341, 345 (Fla. 5th DCA 2012) ("Nor was Mr. Laramee's request [for self-representation] untimely, as it was made one week before trial. While a defendant's request for self-representation may be summarily denied if not timely asserted, ordinarily, a request is timely if made prior to the trial's commencement."), with Lambert v. State, 864 So. 2d 17, 18 (Fla. 2d DCA 2003) (concluding that the trial court did not err in denying the untimely request for self-representation made midtrial), and Davis v. State, 162 So. 3d 326, 327 (Fla. 3d DCA 2015) (same). Finally, Spera did not waive the issue by proceeding to trial with appointed counsel. See Herron, 113 So. 3d at 854-55.

Accordingly, because the trial court failed to conduct a Faretta inquiry following Spera's unequivocal request to proceed pro se, we are constrained to reverse the judgment and sentence and remand for a new trial.

Reversed and remanded.


MORRIS and BADALAMENTI, JJ., Concur.